

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| VINCE GAILLARD, § | |
| § | |
| Plaintiff, § | |
| § | |
| vs. § | Civil Action No. 5:17-01731-MGL |
| § | |
| NANCY A. BERRYHILL, § | |
| Acting Commissioner of Social Security § | |
| Administration, § | |
| § | |
| Defendant. § | |

## ORDER REJECTING THE REPORT AND RECOMMENDATION
## AND REVERSING AND REMANDING FOR FURTHER PROCEEDINGS

This is a Social Security appeal in which Plaintiff seeks judicial review of the final decision of Defendant denying his claims for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI). The parties are represented by excellent counsel. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting to the Court Defendant's decision denying Plaintiff's claims for DIB and SSI be affirmed. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo

determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on July 13, 2018. ECF No. 22. Plaintiff filed objections on July 27, 2018, ECF No. 24, and Defendant replied on August 6, 2018, ECF No. 26. Having carefully reviewed Plaintiff's objections to the Report, the Court will sustain Plaintiff's second objection, and will enter judgment accordingly.

Plaintiff filed his application for SSI on September 22, 2014, and his application for DIB on December 15, 2014. In both applications, Plaintiff asserted his disability commenced September 1, 2014. Plaintiff's applications were denied initially and upon reconsideration. The administrative law judge (ALJ) conducted a hearing on Plaintiff's applications on December 7, 2016. On March 20, 2017, the ALJ issued a decision holding Plaintiff was not disabled under the Social Security Act (the Act). The Appeals Council subsequently denied Plaintiff's request for review of the ALJ's decision, and Plaintiff appealed to this Court.

The Social Security Administration has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a). The five steps are: (1) whether the claimant is currently engaging in substantial gainful activity; (2) whether the claimant has a medically determinable severe impairment(s); (3) whether such impairment(s) meets or equals an impairment set forth in the Listings; (4) whether the impairment(s) prevents the claimant from returning to his past relevant work; and, if so, (5) whether the claimant is able to perform other work as it exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v). If a decision as to disability can be made at any

step, the analysis ends there without proceeding to the next step. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

Under 28 U.S.C. § 636(b)(1), a district court is required to conduct a de novo review of those portions of the Magistrate Judge's Report to which a specific objection has been made. The Court need not conduct a de novo review, however, "when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *see* Fed. R. Civ. P. 72(b).

It is Plaintiff's duty both to produce evidence and to prove he is disabled under the Act. *See Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995). And, it is the duty of the ALJ, not this Court, "to make findings of fact and to resolve conflicts in the evidence." *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Under the substantial evidence standard, however, the Court must view the entire record as a whole. *See Steurer v. Bowen*, 815 F.2d, 1249, 1250 (8th Cir. 1987).

"Additionally, the substantial evidence standard presupposes a zone of choice within which the decisionmakers can go either way, without interference by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision." *Clarke v. Bowen*, 843 F.2d 271, 272-73 (8th Cir. 1988) (citations omitted) (internal quotation marks omitted) (alteration omitted). Likewise, when considering a Social Security disability claim, it is not the province of this Court to "reweigh conflicting evidence . . . or substitute [its] judgment for that of the ALJ." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (citation omitted) (alteration omitted). The Court "must sustain the ALJ's

3

decision, even if [it] disagree[s] with it, provided the determination is supported by substantial evidence." *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996).

Plaintiff raises two objections to the Report. Plaintiff's first objection is "[t]he ALJ failed to properly consider the medical evidence that supports Dr. Flaugher's assessment of pain and a more restrictive RFC than assigned by the ALJ." ECF No. 24 at 1 (emphasis removed). Although this objection appears to be a rehashing of Plaintiff's arguments in his brief, *see* ECF No. 16 at 20-25, because the Court will reverse and remand the case for further administrative proceedings based upon Plaintiff's second objection to the Report, it will direct the ALJ to revisit as necessary the issues raised in Plaintiff's first objection to the Report.

In Plaintiff's second objection to the Report, he avers the Magistrate Judge erred in recommending the ALJ properly held Plaintiff failed to meet the requirements of Listing 1.04. *Id.* at 3-4.

For an impairment to meet the requirements of a Listed Impairment such that the claimant is presumptively disabled under the Act, the claimed impairment must satisfy all of the criteria of the Listing. 20 C.F.R. § 416.925(c)(3). "For a claimant to show that his impairment matches a listing, it must meet *all* of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify." *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990). To meet Listing 1.04, a claimant must show he has a spine disorder that has compromised a nerve root or the spinal cord, and meet one of three additional sets of criteria. 20 C.F.R. pt. 404, Subpt. P. App. 1. § 1.04. One of the three options is for the claimant to show "[e]vidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising

4

test (sitting and supine)." *Id.* § 1.04(A). A claimant need not show each symptom was present at the same time, but only that each symptom was present, and he suffered, or can be expected to suffer, from nerve root compression continuously for twelve months. *Radford v. Colvin*, 734 F.3d 288, 294 (4th Cir. 2013).

The ALJ held Plaintiff failed to meet or equal the requirements of Listing 1.04, noting "MRI examinations failed to reveal any significant herniations, stenosis or nerve root impingement." Tr. 79. In his brief, Plaintiff argued "[t]he ALJ erred in failing to properly evaluate whether [Plaintiff's] condition meets and/or equals the criteria of Listing 1.04." ECF No. 16 at 27 (emphasis removed). Plaintiff advanced his evidence showed he had restricted motion of the spine, decreased sensation and strength, and neuro-anatomic distribution of pain. *Id.* at 28-30. The Magistrate Judge recommends Plaintiff failed to show evidence "he had nerve root compression with motor loss accompanied by sensory or reflex loss," and thus Plaintiff's "allegation of error" as to the ALJ's finding regarding Listing 1.04 should be dismissed. ECF No. 22 at 28.

In his objection, Plaintiff points to additional medical evidence in the record, only some of which he referenced in the analogous argument in his brief, in support of his claim he meets the requirements to be found disabled under Listing 1.04. Specifically, Plaintiff advances he showed evidence of "nerve root compression as required by the Listing, including neuro-anatomic distribution of pain (Tr. 623), limitation of motion of the spine (Tr. 537-538, 539-540), muscle weakness (Tr. 631), and sensory loss (Tr. 618, 620, 626, 628)." ECF No. 24 at 4.[1] Accordingly,

---

[1] Plaintiff refers to evidence of neuro-anatomical distribution of pain at Tr. 623. The Court assumes this is a typographical error, and the pincite should be to Tr. 622. Tr. 622 is part of the progress notes from the same September 20, 2016, visit by Plaintiff to Dr. Smith as Tr. 623. Further, Tr. 622 contains the following evidence of neuro-anatomical distribution of pain: Plaintiff complains of "midline neck pain which radiates to the shoulders . . . . The pain, along with numbness and paresthesias occasionally will travel down the arm into all five fingers."

Plaintiff argues he has met the requirements of Listing 1.04.  Having reviewed the record, it is unclear to the Court whether the ALJ considered the evidence enumerated above.  Therefore, the Court will sustain Plaintiff's second objection to the extent it will remand the matter to the ALJ for consideration and discussion of this evidence.

After a thorough review of the Report and the record in this case under the standard set forth above, the Court sustains Plaintiff's second objection to the Report, and rejects the Report.  The Court hastens to add its rejection of the Report is not caused by any error by the learned Magistrate Judge.  It is the arguments Gaillard presented to this Court, but failed to submit to the Magistrate Judge, that make remand to Berryhill necessary.  Therefore, it is the judgment of the Court Defendant's decision denying Plaintiff's claims for DIB and SSI benefits is **REVERSED**, and this matter is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

    **IT IS SO ORDERED.**

Signed this 15th day of August, 2018 in Columbia, South Carolina.

                                                  s/ Mary Geiger Lewis  
                                                  MARY GEIGER LEWIS  
                                                  UNITED STATES DISTRICT JUDGE